IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT ALAN CARPENTER                                                                                     PLAINTIFF

        v.                         Civil No. 6:07-cv-06016

INVESTIGATOR RON MARTINEAU;
CIRCUIT JUDGE JOHN HOMER WRIGHT;
PUBLIC DEFENDER MARK S. FRAISER;
GARLAND COUNTY SHERIFF LARRY
SANDERS; and DEPUTY PROSECUTING
ATTORNEY BRENT MILLER                                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Robert Alan Carpenter, currently an inmate in the Garland County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. The case is before the court for a determination of whether service of process should issue.

### BACKGROUND

According to the allegations of the complaint, Carpenter was arrested for commercial burglary on August 26, 2002. Carpenter contends he was interrogated by Investigator Ron Martineau with the Garland County Sheriff's Office. At the time, Carpenter indicates he was intoxicated as a result of ingesting both cocaine and whisky. Despite his intoxication, Carpenter asserts Martineau used the statement against him.

Carpenter's appointed attorney was Mark Fraiser. Carpenter maintains Fraiser knew Carpenter was intoxicated when he gave his statement and that the statement was coerced but refused to fight the case in court. On February 24, 2003, Carpenter states he was convicted by Judge John Homer Wright and placed on four years probation.

-1-

In August of 2003, Carpenter states he was working at Penny's on the Lake and the phone number was "tapped" by the Alcohol Beverage Control as part of an ongoing investigation. Carpenter asserts he was able to get Martineau on tape admitting what he coerced Carpenter's statement and knowingly took the statement while Carpenter was intoxicated.

In September of 2003, Carpenter "believes" his case was overturned by a higher court. Despite the fact that he was able to get the conviction overturned, he maintains Garland County kept him on probation. Carpenter alleges Sheriff Larry Sanders was responsible for this act.

On April 16, 2007, Carpenter filed a supplement to his complaint (Doc. 8). In this supplement, he contends the Sheriff's Department has been denying him library visits. He also alleges that Lt. Judy McMurrian is interfering with his mail.

## DISCUSSION

Carpenter's claims stemming from the alleged coerced statement and his conviction for commercial burglary are subject to dismissal. First, the claims are barred by the applicable statute of limitations. Section 1983 does not have its own statute of limitations. Instead, the courts apply "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). The major concern is to find the limitations period that best effectuates "the federal policies at stake and the practicalities of litigation...." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172 (1983). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

In this case, the alleged coerced statement was obtained in August of 2002, Carpenter's conviction was in February of 2003, and his conviction was allegedly overturned in September of 2003. This lawsuit was not filed until March 23, 2007. Civil rights causes of action in general accrue when the plaintiff knew or had reason to know of harm constituting the basis of the action. *See e.g., Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995). Even if we assume Carpenter's claims did not accrue until his conviction was overturned and he continued to be required to serve a term of probation, the latest he could have filed this action was in September of 2006.

Second, Circuit Judge John Homer Wright is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir.

2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Carpenter does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Carpenter seeks injunctive relief his claims are subject to dismissal.

Third, public defender Mark Fraiser is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Fraiser was not acting under color of state law while representing Carpenter in his criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Fourth, deputy prosecutor Brent Miller is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  See also *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the defendant deputy prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Carpenter's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Carpenter can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

## CONCLUSION

I therefore recommend that Carpenter's claims stemming from the statement taken in August of 2002, the conviction in February of 2003, and the overturning of his conviction in September of 2003, be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). This would dismiss all claims against the following: (1) Investigator Ron Martineau; (2) Circuit Judge John Homer Wright; (3) Public Defender Mark S. Fraiser; and (4) Deputy Prosecuting Attorney Brent Miller. This leaves for later determination Carpenter's claims that he is being denied access to the law library and his mail is being interfered with.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of May 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE